*See United States v. Henderson,* 243 F.3d 1168, 1174 (9th Cir.2001).

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Christine GARCIA, aka Ana Alvarez, Defendant–Appellant.**

**No. 01–50291.**
**D.C. No. CR–00–01531–TJW.**

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2002.*

Decided April 16, 2002.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a)(2).

Before HAWKINS and FISHER, Circuit Judges, and WEINER,** District Judge.

MEMORANDUM ***

Christine Garcia was arrested when she drove a van concealing marijuana into California. A jury convicted her of importing and possessing marijuana with intent to distribute, in violation of 21 U.S.C. §§ 952, 960 and 841(a)(1). Garcia alleges that Agent Harrie Pike's testimony on redirect examination constituted an improper attack on her credibility. She also challenges the constitutionality of §§ 960 and 841. We affirm.

On cross-examination of Agent Pike, Garcia's attorney, Mark Fleming, asked Pike whether he told Garcia at the time of

her arrest that "she was full of shit." Pike did not recall whether he had used those exact words, but he agreed that it was "very possible." (ER 58.) On redirect examination, the prosecutor followed up on Fleming's question by asking Pike whether, "As you sit here today, would that comment still be an accurate reflection of how you felt about the defendant's story." Over objection, Pike answered "yes." (ER 72.) Fleming later renewed his objection to Pike's testimony and moved for a mistrial. (ER 79–80.)

On appeal, Garcia challenges the admission of Agent Pike's testimony on redirect examination and the denial of her motion for mistrial. We review these claims under an abuse of discretion standard. *United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir.2001), *cert. denied*, 01–8316, —— U.S. ——, 122 S.Ct. 1342, 152 L.Ed.2d 245 (2002); *United States v. Sarkisian*, 197 F.3d 966, 988 (9th Cir.1999); *United States v. Peterson*, 140 F.3d 819, 821 (9th Cir. 1998). Garcia must show that it is "more probable than not that the misconduct materially affected the verdict." *Id.*

Garcia urges us to review Agent Pike's testimony under the line of cases addressing prosecutorial vouching. *See, e.g., United States v. Necoechea*, 986 F.2d 1273 (9th Cir.1993); *United States v. Kerr*, 981 F.2d 1050 (9th Cir.1992). The facts here do not constitute vouching and they are more similar to those in *United States v. Sanchez*, 176 F.3d 1214 (9th Cir.1999), and *United States v. Sanchez–Lima*, 161 F.3d 545 (9th Cir.1998).

 Under *Sanchez* and *Sanchez–Lima*, Agent Pike's testimony was improper because the prosecutor elicited Pike's

** The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

"opinion of the credibility of [Garcia's] extrajudicial statements." *Sanchez,* 176 F.3d at 1221. The prosecutor directly asked Pike for his opinion of the "story" Garcia told him during the interrogation. This is forbidden by *Sanchez–Lima* and *Sanchez.* Nonetheless, the district court did not abuse its discretion in admitting Pike's testimony and denying the motion for a mistrial, because the prosecutor's question on redirect was an invited response, necessary to " 'right the scale' " by explaining why the officer may have used the language that he did. *United States v. Young,* 470 U.S. 1, 13, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); *United States v. Chu,* 5 F.3d 1244, 1251 (9th Cir.1993). Garcia's attorney referred to Pike's coarse language in an attempt to unsettle the jury's image of him. The prosecutor was permitted to rehabilitate Pike by demonstrating that, at the time he used such language, he honestly believed Garcia's story was false. In the context of the proceedings, Garcia suffered no prejudice on account of the prosecutor's question, and we decline to describe the prosecutor's behavior as misconduct.

█ Moreover, any potential misconduct would be harmless beyond a reasonable doubt because there was ample evidence for the jury to discredit Garcia's version of events. Garcia lied to the primary inspector and continued to lie even after she saw the narcotics detector dog alert to the minivan. Under these circumstances, Agent Pike's testimony likely only minimally influenced the jury's view of Garcia's veracity. Therefore, reversal is not warranted.

We review de novo the constitutionality of §§ 841 and 960. *United States v. Harris,* 185 F.3d 999, 1003 (9th Cir.1999).

Garcia's challenge to the constitutionality of § 841 is foreclosed by *United States v. Buckland,* 277 F.3d 1173 (9th Cir.2002) (en banc), and her challenge to the constitutionality of § 960 is foreclosed by *United States v. Mendoza–Paz,* No. 00–50029, 2002 WL 531153 at *4 (9th Cir. April 10, 2002).

AFFIRMED.